# WASHINGTON COUNTY,

## June Term, 1794.

WILLIAM DAVIS, for the ufe of JAMES EVANS, *v.* DAVID CAMMEL.

A N action of debt was brought to *March* term, 1793, on a fingle bill, for 13*l*. 3*s*. 11*d*. dated 4th *October*, 1792, payable, with lawful intereft, on 27th *November* enfuing, and affigned 19th *December*, 1792. The defendant, at the trial, offered a depofition of the affignor, to prove, that it was by miftake, that the note was made payable in *November*, 1792, and that it was his and *Cammel's* intention, to make it payable in 1793.

*Rofs*, for the plaintiff objected to this, as invalidating the affignment made by himfelf, and no man fhall be fuffered to invalidate his own acts. The act of 'affembly for the affigning of bonds precludes the affignor from releafing the debt; and depofitions or acknowledgements fubfequent to the affignment may, in effect,

1 *T.Rep.*300,

1 *St.*L. 107,

1794.  do the fame thing, and defeat the provifion of the act of affembly.

*Bradford* and *Purviance*, for the defendant. The original payee of the note could not have recovered, if fuch evidence had been offered againft him : and the act of affembly puts the affignee precifely in his fituation, fo as to recover only as the affignor could.

PRESIDENT. There feems to be ftrong reafon, to confider the affignment, as an engagement, by the affignor to the affignee, that fo much money as appeared due, was due, on the note, at the day therein fpecified : and the evidence offered goes to contradict this ; and, befides defeating the provifion of the act of affembly, and enabling *Davis* and *Cammel* to cheat *Evans*, goes alfo to prove a thing contradictory to the note, and *See Cook v.* make it materially different from what it is. The mif-*Laughlin, poft* take is in the defendant, and ought not to affect a third perfon not concerned in it. Shall we rectify this miftake of *Cammel*, at the expence of *Evans ?* *Cammel*, when fued, might have informed *Evans* of the miftake, tendered the cofts accrued, and the debt, when, by his own acknowledgement, it was really due. He would then have come forward with fome equity. But no evidence is offered, that *Evans* knew of the miftake previous to the fuit, or at any time fince. Such evidence might be proper. The acknowledgement and depofitions are fubfequent to the affignment, which took from *Davis*, and gave to *Evans*, all intereft in the note ; it is therefore the acknowledgement of one having no intereft ; and cannot affect him who has the intereft.— Were there no affignment, and the miftake mutual, unlefs the party bringing the fuit were confcious of the miftake, why fhould *all*, or perhaps why fhould *any* of the cofts fall on him ? We will however referve the point.

By confent a verdict was given for the plaintiff, fubject to the opinion of the court on the depofition offered, and another to be made with a view to eftablifh the miftake and *Evans'* knowledge of it.

Judgment was given for the plaintiff for 13*l*. 3*s*. 11*d*. debt, with 9*s*. 2*d*. damages, and all cofts fubfequent to 27th *November*, 1793, when, at all events, *Cammel* ought to have paid the debt.